UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EFRAIN LIZAIDE,

                  Petitioner,

        -against-

ROBERT KIRKPATRICK,

                  Respondent.
-------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

09-CV-5038 (CBA)

AMON, United States District Judge:

Petitioner Efrain Lizaide, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs Lizaide to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

Background

On February 8, 2002, Lizaide was convicted by a jury verdict of attempted murder in the second degree, among other charges, before the New York Supreme Court, Queens County, and he was sentenced to several 20-year concurrent terms. See Petition at ¶¶ 1-5. On November 17, 2003, the Appellate Division affirmed the conviction, People v. Lizaide, 1 A.D.3d 529 (2d Dep't 2003), and the New York Court of Appeals denied leave to appeal on January 26, 2004, People v. Lizaide, 1 N.Y.3d 598 (2004). Lizaide did not file a writ of certiorari to the United States Supreme Court. See Petition at ¶ 9(h).

Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Lizaide's conviction became final on or about April 26, 2004, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before April 26, 2005. Instead, this petition dated October 28, 2009, was filed with this Court long after the one-year limitations period had already expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

---

[1] Lizaide does not state any facts to conclude that subsections (B)-(D) are applicable.

Tolling

A.  Statutory Tolling

In calculating the one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Here, Lizaide filed a writ of error coram nobis in state court which was denied on February 7, 2005, and leave to appeal was denied on October 27, 2005. Lizaide also filed a state petition for a writ of habeas corpus which was denied on July 13, 2009, however he does not provide the dates he filed the writ of error coram nobis and the state petition for habeas corpus relief. If the writ of error coram nobis was filed on or before April 26, 2005, then the pendency of the coram nobis would toll the one year period pursuant to § 2244(d)(2) until the final decision by the state courts was issued. It is unlikely, however, that the state petition for habeas corpus relief would toll the one year period. Lizaide must provide the dates he filed these post-conviction petitions with the state courts.

B.  Equitable Tolling

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 549 U.S. at 336 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). The Second Circuit

has held that equitable tolling should be applied only in "rare and exceptional circumstances." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005).

Here, Lizaide argues that he is "uneducated, lacks the understanding of the english langauge [sic] and therefore, found the state and federal procedures complex and confusing" and he was not aware of the one-year statute of limitations. Petition at 14, ¶ 18. Ignorance of the law and lack of education are not sufficient grounds to warrant equitable tolling. Smith, 208 F.3d at 18 (pro se status does not merit equitable tolling); Worsham v. West, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases.")(citing cases); Doyle v. Yelich, No. 05 CV 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) ("A petitioner's pro se status and ignorance of the law do not warrant equitable tolling."); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling); Wilson v. Bennett, 188 F. Supp. 2d 347, 354 (S.D.N.Y 2002) ("lack of legal knowledge cannot excuse a delay in filing a petition").

Lizaide's lack of English language fluency may provide a basis for equitable tolling, however, "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). As currently presented, Lizaide does not provide sufficient facts to warrant equitable tolling.

Conclusion

Accordingly, the Court directs Lizaide to show cause by written affirmation,[2] within 30 days

---

[2] An affirmation form is attached to this order for petitioner's convenience.

from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006); <u>Acosta v. Artuz</u>, 221 F.3d 117, 124 (2d Cir. 2000).

In the affirmation, Lizaide must provide the dates he filed his post-conviction petitions in state court (<u>i.e.</u>, the writ of error coram nobis and the state habeas corpus petition) and any facts to support equitable tolling of the one-year statute of limitations period, including what efforts, if any, he made to obtain assistance to overcome his English language deficiency. Lizaide must provide the dates for all relevant events.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until Lizaide has complied with this Order. If he fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
November 24, 2009