FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 13 2010

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EFRAIN LIZAIDE,

               Petitioner,

    -against-

ROBERT KIRKPATRICK,

               Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

09-CV-5038 (CBA)

AMON, J.

      Petitioner Efrain Lizaide, currently incarcerated at Wende Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2002 Queens County conviction. By order dated November 24, 2009, the Court directed petitioner to show cause why the petition should not be dismissed as time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On January 7, 2010, petitioner filed an Affirmation. For the reason set forth below, the petition for a writ of habeas corpus is dismissed as time-barred.

Background

      On February 8, 2002, petitioner was convicted of attempted murder in the second degree, among other charges, upon a jury verdict, before the New York Supreme Court, Queens County, and he was sentenced to several 20-year concurrent terms. See Petition at ¶¶ 1-5. On November 17, 2003, the Appellate Division affirmed the conviction, People v. Lizaide, 1 A.D.3d 529 (2d Dep't 2003), and the New York Court of Appeals denied leave to appeal on January 26, 2004, People v. Lizaide, 1 N.Y.3d 598 (2004). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at ¶ 9(h).



Discussion

The AEDPA set a one-year statute of limitations from the date the conviction becomes final for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1)(A).[1] Here, petitioner's conviction became final on or about April 26, 2004, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before April 26, 2005. Instead, this petition dated October 28, 2009, was filed with this Court long after the one year limitations period had already expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Petitioner's Affirmation

Petitioner alleges that he filed a post-conviction application for a writ of error coram nobis on September 22, 2002 and that he filed a state application for a writ of habeas corpus on April 6, 2009, and therefore, "petitioner's Federal Habeas Corpus pursuant to 28 U.S.C. 2254 should not be dismissed as time-barred by the AEDPA's one-year statute of limitations." Petitioner's Aff. at 1.

Tolling

As set forth in the Court's prior order, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000).

---

[1] Petitioner does not state any facts to conclude that other triggering dates are applicable as set forth in 28 U.S.C. § 2241(d)(1)(B)-(D).

2

Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

SO ORDERED.

Dated: January 11, 2010
Brooklyn, New York

Carol Bagley Amon
United States District Judge